**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold E. GOLDSTEIN,**
**Defendant-Appellant.**

**No. 76-3536.**

United States Court of Appeals,
Ninth Circuit.

July 25, 1977.

---

Michael D. Sobel, Michaels & Sobel, Beverly Hills, Cal., Alvin S. Michaelson, Beverly Hills, Cal., argued, for defendant-appellant.

William D. Keller, U. S. Atty., James P. Gray, Asst. U. S. Atty., argued, Los Angeles, Cal., for plaintiff-appellee.

## ORDER

Before BARNES, WALLACE and SNEED, Circuit Judges:

After Goldstein's motion for suppression was denied, he waived his right to a jury trial and agreed to have his guilt determined before the judge alone. He indicated that he wished to stipulate to the facts in Counts 1 through 7 in the indictment as being true and correct. The district judge requested that the government and defense attorneys prepare a stipulation of facts. This was accomplished and after the stipulation had been read, Goldstein represented affirmatively that the recitation was correct and acceptable. However, the stipulation of facts did not include the evidence which Goldstein attempted to have suppressed by his motion. Goldstein now wishes us to decide the merits of whether the district judge committed error in denying his motion to suppress evidence. Inasmuch as that evidence was not part of the facts upon which a judgment of conviction has now been entered, the matter is not before us.

The United States attorney candidly advised us during oral argument that the agreed purpose behind the stipulation leading to conviction was to preserve the opportunity for Goldstein to raise the denial of the motion to suppress on appeal.

Accepting that representation, we set aside the judgment of conviction so that the district court may set aside the stipulation for the purpose of allowing a new stipulation to be entered into between the parties containing the evidence to which the suppression motion was directed, after which a new judgment of conviction may be entered. The matter may then be appealed and if appealed, it will be assigned to this panel. There will be no further oral argument or briefs. The record in this case shall be the record in the newly appealed case. That record shall be augmented by the new stipulation and the new judgment of conviction, if there be one.